**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-1157**

───────────

STANFORD LANCE WEAVER,

　　　　Plaintiff - Appellant,

v.

UNITED STATES POSTAL SERVICE,

　　　　Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of South Carolina, at Aiken. J. Michelle Childs, District Judge.  (1:19-cv-02700-JMC)

───────────

Argued:  December 5, 2023　　　　　　　　　　　　Decided:  January 9, 2024

───────────

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

**ARGUED:**  Jonathan Joseph Marshall, JENNER & BLOCK, LLP, Washington, D.C., for Appellant.  Michael David Weaver, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Michelle S. Kallen, JENNER & BLOCK LLP, Washington, D.C., for Appellant.  Adair Ford Boroughs, United States Attorney, Marshall Prince, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Stephan J. Boardman, Chief Counsel, Appellate and Commercial Litigation, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Stanford Lance Weaver appeals from the district court's order dismissing as time-barred his lawsuit against the United States Postal Service ("USPS") and denying leave to amend his complaint as futile. In dismissing Weaver's complaint, the district court adopted the magistrate judge's report and recommendation after reviewing the report under a clear error standard of review. Because Weaver provided objections to the magistrate judge's report that were sufficiently specific to warrant de novo review by the district court, we vacate and remand.

I.

On September 23, 2019, Weaver filed a pro se complaint alleging violations of the Family and Medical Leave Act ("FMLA"). *See* 29 U.S.C. §§ 2601 to 2654.[1] In the complaint's one-paragraph Statement of Claim, Weaver alleged that USPS violated the FMLA when, between September 2014 and May 2016, it denied him leave during his wife's pregnancy and following the birth of their child. He also alleged that USPS retaliated against him "for FMLA leave in 2015." J.A. 9.[2]

USPS moved pursuant to Rule 12(b)(6) to dismiss Weaver's claims as time-barred. In its motion, USPS argued that Weaver failed to comply with the two-year statute of limitations for filing an FMLA claim involving a non-willful violation of the statute; failed

---

[1] In his original complaint, Weaver also cited the Fair Labor Standards Act. However, Weaver did not appear to raise any allegations that would implicate the Fair Labor Standards Act, and Weaver does not pursue a Fair Labor Standards Act claim on appeal.

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

to allege a willful violation of the FMLA that could invoke the FMLA's three-year statute of limitations; and failed to comply with the three-year statute of limitations even if it applied because that limitations period lapsed by May 2019—more than three months before Weaver filed his complaint on September 23, 2019. *See* 29 U.S.C. § 2617(c)(1)–(2) (FMLA statute of limitations).

Weaver then filed a motion to amend his complaint and also filed a response to USPS's motion to dismiss. The district court denied without prejudice his motion to amend because he failed to attach a copy of his proposed amended complaint to the motion, and Weaver then filed a second motion to amend his complaint that followed the required procedure. His proposed amended complaint expanded on his allegations, most notably adding that he was terminated on September 23, 2016; that his September 23 termination was "a result of four letters of warning . . . dated 10/2014, 6/2015, 2/2016, and 6/2016"; and that USPS's FMLA violations were willful. J.A. 38–39. In his response to USPS's motion to dismiss, Weaver argued that the three-year statute of limitations applied, and that his complaint was timely because it was filed exactly three years after his September 23, 2016, termination.

USPS opposed Weaver's motion to amend, contending that it was futile. In support of its motion, USPS submitted two documents related to Weaver's termination: 1) a June 3, 2016, letter from USPS, which indicated that Weaver would be removed from service July 5, 2016, and 2) a September 23, 2016, letter from a union representative, stating that the union was "withdrawing" a case involving Weaver "from the grievance/arbitration process." J.A. 50. USPS argued that the two documents established that the June 3 letter

4

notified Weaver of his termination, and that his removal from service on September 23 was delayed from the July 5 date stated in the letter solely because of the labor grievance. USPS further argued that, under *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the June 3 notice of termination started the statute of limitations period, and the complaint was therefore untimely even under the three-year limitations period.

The magistrate judge agreed with USPS and concluded that, regardless of whether the two- or three-year statute of limitations applied, Weaver's complaint was untimely under the FMLA. In doing so, the magistrate judge acknowledged Weaver's claimed September 23, 2016, termination date. But the magistrate judge found that "Weaver's statute of limitations began to run when he was notified of his termination on June 3, 2016, and Weaver filed this action more than three years after that date." J.A. 54–55. Accordingly, the magistrate judge recommended granting USPS's motion to dismiss and denying Weaver's motion to amend as futile.

Weaver timely objected to the magistrate judge's report and recommendation. The district court found that Weaver's objections did "not specifically address the Magistrate Judge's findings concerning the untimeliness of his Complaint" and concluded that it would therefore review the magistrate judge's report only for clear error. *Weaver v. U.S. Postal Serv.*, No. 1:19-CV-2700-JMC, 2020 WL 3603773, at *3 (D.S.C. July 1, 2020). After concluding that the magistrate judge had not clearly erred, the district court adopted the magistrate judge's report, denied Weaver's motion to amend as futile, and dismissed his complaint with prejudice. *Id.*

5

Weaver moved for reconsideration, explaining how his objections to the magistrate judge's report and recommendation specifically addressed whether his complaint was timely under the FMLA. The district court denied the motion as "repetitive," and Weaver timely appealed.[3]

## II.

On appeal, Weaver contends that the district court erred by rejecting his objections to the magistrate judge's report and by reviewing the report only for clear error. Because we agree with Weaver that this issue is dispositive, we do not reach Weaver's additional arguments related to the contents of the magistrate judge's report and recommendation.

## A.

We review the sufficiency of objections to a magistrate judge's recommendation de novo. *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023).

## B.

After a magistrate judge issues a report and recommendation, any party may object to the report. 28 U.S.C. § 636(b)(1). "If the grounds for objection are clear, district court judges must consider them de novo." *Elijah*, 66 F.4th at 460; *see also* 28 U.S.C. § 636(b)(1) ("A [district] judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Otherwise, the district court need

---

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.

6

only review the magistrate judge's report for clear error. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

We have recognized that not all objections are clear enough to trigger de novo review. For example, a plaintiff must do more than generally state "I object" to mandate de novo review by a district court. *Elijah*, 66 F.4th at 460 (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). But the bar for de novo review is low: objections need only "reasonably . . . alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). And objections "need not be novel to be sufficiently specific." *Elijah*, 66 F.4th at 460.

When deciding whether a party alerted the district court of the true ground for an objection, we are mindful of the requirement that we construe pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Thus, when reviewing pro se objections to a magistrate[ judge's] recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61 (citing *Martin v. Duffy*, 858 F.3d 239, 245–46 (4th Cir. 2017)).

For example, in *Martin v. Duffy*, we found a pro se plaintiff's objections sufficient to warrant de novo review even though they merely restated most of the plaintiff's claims from his complaint. *Martin*, 858 F.3d at 245–46. Since restating the claims was sufficient to "alert[] the district court that [the pro se plaintiff] believed the magistrate judge erred in recommending dismissal of those claims," we held that the district court was required to review dismissal of the claims de novo. *Id.* at 246.

7

Here, Weaver—who proceeded pro se before the district court—provided three specific objections to the magistrate judge's report. First, he argued the magistrate judge should have granted his motion to amend before reviewing USPS's motion to dismiss. Second, he argued that the magistrate judge misapplied *Delaware State College v. Ricks*, and that, under a correct application of *Ricks*, the September 23 termination should have started the statute of limitations for his claim. Finally, Weaver argued that even if the statute of limitations began to run on the June 3 notification date, the magistrate judge should have recommended equitably tolling the statute of limitations.

The district court found those objections did "not specifically address the Magistrate Judge's findings concerning the untimeliness of his Complaint" and that Weaver impermissibly attempted to "rehash[]" "the same factual allegations that were before the Magistrate Judge." *Weaver*, 2020 WL 3603773, at *3. We disagree.

First, each of Weaver's objections took issue with a specific portion of the magistrate judge's report, as well as the ultimate recommendation that the district court dismiss his complaint as untimely. Not only did the objections identify the portions of the report to which Weaver objected, but they also articulated how Weaver believed the magistrate judge's reasoning was incorrect. For example, in discussing *Ricks*, Weaver explained his view that the June 3 letter did not start the statute of limitations on his claim because USPS did not follow the correct procedures for approving the notice of removal. Therefore, "[e]ven if we did not apply the liberal construction provided to pro se litigants," Weaver "reasonably alerted the district court of the true ground for the objection[s]." *Elijah*, 66 F.4th at 461 (cleaned up).

8

Second, while some of Weaver's objections mirrored the arguments he presented to the magistrate judge, "[i]t is immaterial that his objections resembled arguments he had made previously; district courts must solely consider the specificity, not the novelty, of objections to magistrate [judge] recommendations." *Id.* Indeed, in our recent opinion in *Elijah v. Dunbar*, we pointed to the district court's opinion in this case as one of many examples of a district court erroneously disregarding objections based on a mistaken belief that objections may not "rehash" arguments made before a magistrate judge. *See id.* at 460 n.4 (identifying eight district court opinions that fail to follow the rule laid out in *Martin*). So, Weaver's objections readily satisfied the low bar of alerting the district court of the grounds on which he objected, and the district court was therefore required to review Weaver's objections de novo.

## C.

"[W]e generally don't reach factual or legal questions in a magistrate judge's report that were not first subject to de novo review by the district court." *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019). Accordingly, we decline to address the remainder of the issues raised by the parties and remand for de novo review by the district court. By doing so, "we ensure appropriate district court review while leaving the door open for future appeals." *Elijah*, 66 F.4th at 461.

## III.

Because Weaver made several specific objections to the magistrate judge's report and recommendation, we vacate the district court's order and remand for de novo review.

*VACATED AND REMANDED*

9